IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:18-cv-447 |
| | § | |
| KID GALAXY, INC. and COSTCO | § | JURY TRIAL DEMANDED |
| WHOLESALE CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

**ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Original Complaint for Trademark Infringement, Unfair Competition, Dilution, and Unjust Enrichment against Defendants Kid Galaxy, Inc. and Costco Wholesale Corporation, alleging as follows:

**I.  NATURE OF THE SUIT**

1.    This is a claim for infringement of a federally registered trademark, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related claims for trademark dilution under Texas Business and Commerce Code § 16.103 and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

**II.  THE PARTIES**

2.    Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **Kid Galaxy, Inc. ("Kid Galaxy")** is a Delaware corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Manchester, New Hampshire.

4. Defendant **Costco Wholesale Corporation ("Costco")** is a Washington corporation that does business in Texas, directly or through intermediaries, and maintains its principal place of business in Issaquah, Washington.

### III.  JURISDICTION AND VENUE

5. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court has subject matter jurisdiction over the federal trademark infringement, unfair competition, and dilution claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, trademark dilution, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, unfair competition, and dilution claims.

7. This Court has specific personal jurisdiction over Kid Galaxy pursuant to due process and the Texas Long Arm Statute because Kid Galaxy, directly or through intermediaries, purposefully and voluntarily places one or more accused products into the stream of commerce with the expectation that those infringing products will be purchased by consumers in Texas and in this District.

8. This Court has general personal jurisdiction over Costco pursuant to due process and the Texas Long Arm Statute because Costco maintains a regular and established place of business in Texas, including at 3800 N. Central Expressway, Plano, Collin County, Texas 75074.

9. This Court further has specific personal jurisdiction over Costco pursuant to due process and the Texas Long Arm Statute because Costco, directly or through intermediaries, sells accused products in Texas and in this District, including at 3800 N. Central Expressway, Plano, Collin County, Texas 75074.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth in Paragraphs 7-9 above, which are incorporated by reference herein.

### IV.  BACKGROUND

**A.  Traxxas and Its Trademarks**

11. The business Traxxas operates was started in 1986. Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

12. Since at least September 12, 1986, Traxxas has continuously used the standard characters "TRAXXAS" (the "TRAXXAS Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

13. On February 6, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 3,205,399, which comprises the standard characters "TRAXXAS" as applied to radio-controlled model vehicles and parts therefor in International Class 028.

14. Traxxas' right to use its TRAXXAS Mark has become incontestable.

15. In 1999, Traxxas launched the T-MAXX, the first nitro radio-controlled model vehicle with a true forward/reverse transmission.

16. Since at least November 28, 1999, Traxxas has continuously used the standard characters "T-MAXX" (the "T-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

17. On November 7, 2006, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,169,710 (the "T-MAXX Registration"), which comprises the standard characters "T-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the T-MAXX Registration is attached hereto as Exhibit A.

18. Traxxas' right to use its T-MAXX Mark has become incontestable.

19. Since at least December 1999, Traxxas has continuously used the standard characters "MAXX" (the "MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

20. On January 2, 2007, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,191,106 (the "MAXX Registration"), which comprises the standard characters "MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the MAXX Registration is attached hereto as Exhibit B.

21. Traxxas' right to use its MAXX Mark has become incontestable.

22. Since at least December 4, 2000, Traxxas has continuously used the standard characters "E-MAXX" (the "E-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

23. On May 12, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,619,270 (the "E-MAXX Registration"), which comprises the

standard characters "E-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the E-MAXX Registration is attached hereto as Exhibit C.

24.     Traxxas' right to use its E-MAXX Mark has become incontestable.

25.     Since at least July 17, 2009, Traxxas has continuously used the standard characters "MINI MAXX" (the "MINI MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

26.     On October 13, 2009, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 3,697,101 (the "MINI MAXX Registration"), which comprises the standard characters "MINI MAXX" as applied to radio controlled scale model vehicles equipped with an electric motor or an internal combustion engine, a wireless control signal receiver mounted on the vehicle enabling remote control of vehicle speed and steering, and parts therefor in International Class 028.  A true and correct copy of the MINI MAXX Registration is attached hereto as Exhibit D.

27.     Since at least October 30, 2015, Traxxas has continuously used the standard characters "X-MAXX" (the "X-MAXX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

28.     On December 27, 2016, the USPTO duly and legally issued to Traxxas United States Trademark Registration No. 5,110,758 (the "X-MAXX Registration"), which comprises the standard characters "X-MAXX" as applied to radio-controlled model vehicles and parts therefor in International Class 028.  A true and correct copy of the X-MAXX Registration is attached hereto as Exhibit E.

29.     The TRAXXAS Mark, on one hand, and the T-MAXX Mark, the MAXX Mark, the E-MAXX Mark, the MINI MAXX Mark, and the X-MAXX Mark (collectively, the "Traxxas MAXX Marks"), on the other hand, each contain the standard characters "XX."

30.     As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks, the Traxxas MAXX Marks have become distinctive to designate Traxxas, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the Traxxas MAXX Marks with Traxxas.

31.     As a result of Traxxas' long use and promotion of the Traxxas MAXX Marks in Texas and elsewhere, Traxxas has acquired valuable common law rights in the Traxxas MAXX Marks.

32.     The Traxxas MAXX Marks are famous pursuant to 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.     Defendants' Infringing Activities**

33.     Kid Galaxy, directly or through intermediaries such as Costco, sells, offers for sale, and distributes radio-controlled model vehicles (the "Accused MAXX Vehicles"), such as the one shown below, under the name "MAXX":



34. Kid Galaxy, directly or through intermediaries, purposefully and voluntarily places the Accused MAXX Vehicles into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this District.

35. The Accused MAXX vehicles are purchased by consumers in Texas and in this District.

36. Kid Galaxy is using the "MAXX" name in commerce.

37. Kid Galaxy is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas MAXX Marks or any confusingly similar marks.

38. Kid Galaxy began using the "MAXX" name after the Traxxas MAXX Marks became famous and distinctive.

39. Costco sells, offers for sale, and distributes the Accused MAXX Vehicles in Texas and in this District, including at 3800 N. Central Expressway, Plano, Collin County, Texas 75074.

40. Costco is using the "MAXX" name in commerce.

41. Costco is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to use the Traxxas MAXX Marks or any confusingly similar marks.

42. Costco began using the "MAXX" name after the Traxxas MAXX Marks became famous and distinctive.

**C.    Effect of Defendants' Infringing Activities**

43. Defendants' unauthorized use of the "MAXX" name is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Kid Galaxy or Costco with Traxxas, or as to the origin, sponsorship, or approval of the Accused MAXX Vehicles by Traxxas.

44. Defendants' unauthorized use of the "MAXX" name falsely designates the origin of the Accused MAXX Vehicles and falsely and misleadingly describes and represents facts with respect to Defendants and the Accused MAXX Vehicles.

45. Defendants' unauthorized use of the "MAXX" name enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused MAXX Vehicles not solely on their own merits, but on the reputation and goodwill of Traxxas, its Traxxas MAXX Marks, and its products.

46. Defendants' unauthorized use of the "MAXX" name is likely to cause dilution of the famous Traxxas MAXX Marks.

47. Defendants' unauthorized use of the "MAXX" name unjustly enriches Defendants at Traxxas' expense.  Defendants have been and continue to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

48. Specifically, Defendants have taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas MAXX Marks developed and owned by Traxxas, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and products.

49. Defendants' unauthorized use of the "MAXX" name removes from Traxxas the ability to control the nature and quality of products provided under the Traxxas MAXX Marks and places the valuable reputation and goodwill of Traxxas in the hands of Defendants, over whom Traxxas has no control.

50. Unless these acts of Defendants are restrained by this Court, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

51. On October 25, 2018, Traxxas notified Costco of Traxxas' rights in the Traxxas MAXX Marks and of Costco's infringement of those rights by letter sent via Federal Express and email.

## V.  CLAIMS

### A.  Federal Trademark Infringement

52. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

53. Defendants' acts complained of herein constitute infringement of Traxxas' federally registered Traxxas MAXX Marks in violation of 15 U.S.C. § 1114(1).

### B.  Federal Unfair Competition

54. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

55. Defendants' acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

### C.  Federal Trademark Dilution

56. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

57. Defendants' acts complained of herein constitute dilution of Traxxas' famous Traxxas MAXX Marks in violation of 15 U.S.C. § 1125(c).

### D.  Texas Trademark Infringement

58. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

59. Defendants' acts complained of herein constitute trademark infringement in violation of Texas state common law.

E. **Texas Unfair Competition**

60. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

61. Defendants' acts complained of herein constitute unfair competition in violation of Texas state common law.

F. **Texas Trademark Dilution**

62. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

63. Defendants' acts complained of herein constitute dilution of Traxxas' famous Traxxas MAXX Marks in violation of Texas Business and Commerce Code § 16.103.

G. **Texas Unjust Enrichment**

64. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

65. Defendants' acts complained of herein constitute unjust enrichment of Kidztech at Traxxas' expense in violation of Texas state common law.

## VI. DAMAGES

66. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

67. Defendants' acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Defendants' profits under 15 U.S.C. § 1117(a).

## VII. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment in favor of Traxxas that each Defendant has infringed the Traxxas MAXX Marks under federal and Texas state common law, as described herein;

b. A judgment in favor of Traxxas that each Defendant has unfairly competed with Traxxas under federal and Texas state common law, as described herein;

c. A judgment in favor of Traxxas that each Defendant has diluted Traxxas' famous Traxxas MAXX Marks under federal and Texas state common law, as described herein;

d. A judgment in favor of Traxxas that each Defendant has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e. A permanent injunction:

   (1) enjoining each Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the Traxxas MAXX Marks and any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks (including but not limited to the "MAXX" name), and from any attempt to retain any part of the goodwill misappropriated from Traxxas;

   (2) requiring each Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused MAXX Vehicles, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or

      using the "MAXX" name or any other mark or design that is confusingly similar to or likely to cause dilution of the Traxxas MAXX Marks; and

  (3) requiring each Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on that Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

 f. A judgment and order directing an accounting to determine each Defendant's profits resulting from the activities complained of herein, including each Defendant's profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

 g. A judgment and order requiring Defendants to pay Traxxas its damages sustained as a result of their activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed;

 h. A judgment and order requiring Defendants to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest; and

 i. Such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated:  October 30, 2018

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*